**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TABARI FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01218-SPM |
| | ) | |
| L.T. PERCY JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Tabari Freeman to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $108.19. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will issue process as to plaintiff's claims against defendants L.T. Percy Jones, Ms. Williams, and Cory Jones in their individual capacities. The Court will dismiss plaintiff's other claims for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his prison account statement from his current institution, the Henderson County Detention Center in Henderson, Kentucky, for the time period September 7, 2024 through September 22, 2024. Based on this limited financial information, the Court will grant the application and assess an initial partial filing fee of $108.19, which is twenty percent of plaintiff's deposits during that time frame.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**The Amended Complaint**

Plaintiff, a federal pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights during an incident at the Jennings City Jail. He names as defendants the City of Jennings and the following employees of the Jennings City Jail: L.T. Percy Jones, Ms. Williams, and Cory Jones. He brings his claims against defendants in both their individual and official capacities.

Plaintiff states that on August 7, 2024, defendant officer Ms. Williams came to his cell to transport him to a visiting room for a visit with his attorney. As background, plaintiff states that an hour prior to this, he had flooded his cell and was maced by L.T. Jones. Because of this prior incident, plaintiff assumed Ms. Williams was lying about the legal visit in an effort to get plaintiff out of his cell. Regardless, he let Ms. Williams cuff him behind his back and lead him to the visiting room.

Before Ms. Williams left the visiting room, plaintiff asked her to loosen his cuffs. As she began to loosen the cuffs, L.T. Jones came through another door, walked around Ms. Williams, and grabbed plaintiff around his neck. He lifted plaintiff up off his feet, slammed his head to the wall and to the floor, and stated, "I will kill you, do you hear me, I will kill you today." Plaintiff states that L.T. Jones applied pressure to his neck, cutting off his breathing until he was "choked out completely." (ECF No. 10 at 6). When plaintiff regained consciousness, Ms. Williams and Cory Jones were "just looking at me unbelievably."[1] (*Id.*).

At this point, plaintiff's attorney walked in on the opposite side of the visiting room. Plaintiff showed him his injuries, and asked him to report the incident to the U.S. Marshals Service.

[1] Plaintiff states that Cory Jones is L.T. Jones's son.

After plaintiff's legal visit, L.T. Jones led him back to his cell where his writing pads and books had been doused in water. L.T. Jones said, "You fuck with my shit (flood the cell), I will fuck with yours." (*Id.* at 7). Plaintiff called for a medical emergency. EMTs from Christian Northeast Hospital arrived and examined plaintiff. Plaintiff told them what had happened and that he was afraid and suicidal. He said that he was afraid L.T. Jones would kill him if the EMTs did not take him to the hospital. An EMT asked L.T. Jones's permission to take plaintiff to the hospital, but Jones said he needed approval from "Kim." Plaintiff states L.T. Jones then pretended to call Kim and leave a voice mail message.

The EMTs left and L.T. Jones put plaintiff in a restraint chair cuffed behind his back and to the chair for three to four hours. Plaintiff states that L.T. Jones told the second shift officers to let plaintiff heal on his own. He states, "L.T. Percy Jones is responsible for assaulting me and causing physical damage to my head and wrist. He also threaten[ed] to take my life in the process of using both of his hands to choke the life out of me. He applied so much pressure to my neck until I was unable to breath[e] until I was unconscious. This was a very fearful moment of my life." (*Id.* at 8).

For relief, plaintiff asks that L.T. Jones be "removed from his position of authority" and the City of Jennings pay $1,500,000 in actual and punitive damages. Plaintiff is particularly concerned that no other federal detainee be hurt by L.T. Jones.

**Discussion**

At all relevant times, plaintiff was a federal pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). In determining whether pretrial detention is unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied the deliberate indifference standard. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Walton v. Dawson*, 752

F.3d 1109, 1117 (8th Cir. 2014) ("To succeed on a claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee…must show the defendant official was deliberately indifferent to his rights"). To that end, the Eighth Circuit has held "that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006).

Plaintiff alleges defendant L.T. Jones used unconstitutionally excessive force against him and the other individual defendants failed to protect him. His claims against the City of Jennings are less clear, but he seems to allege the City failed to adequately supervise the employees of the Jennings City Jail. The Court will discuss each defendant in turn.

*(1) Defendant L.T. Jones—Excessive Force*

Plaintiff alleges L.T. Jones choked him while he was handcuffed behind his back and slammed his head on the wall and floor while threatening to kill him. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than

convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id*.

Viewing the facts in the light most favorable to plaintiff, the Court finds he has stated a plausible claim of unconstitutional excessive force against L.T. Jones. The Court will issue process on the amended complaint as to defendant L.T. Jones in his individual capacity.

*(2) Defendants Ms. Williams and Cory Jones—Failure to Intervene and Protect*

Plaintiff alleges defendants Ms. Williams and Cory Jones failed to intervene and protect him from L.T. Jones's attack. "A jail official violates the Due Process Clause…when he is deliberately indifferent to a substantial risk of serious harm to a pre-trial detainee and fails to protect the detainee." *Glaze v. Byrd*, 721 F.3d 528, 531 (8th Cir. 2013). Deliberate indifference requires a detainee to make two showings. *Id*. First, objectively, the detainee must demonstrate that he faced a serious risk of harm. *Id*. Second, he must subjectively establish that the jail "official knew of and disregarded the risk to the inmate's safety." *Id*. Under the deliberate indifference standard, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation. *See Edwards v. Byrd*, 750 F.3d 728, 733 (8th Cir. 2014) (determining that district court correctly denied guards qualified immunity after finding "that the guards were aware that excessive force was being used against the plaintiffs but did not intervene to protect them"); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner").

Viewing the facts in the light most favorable to plaintiff, Ms. Williams and Cory Jones were present when L.T. Jones choked and beat plaintiff. For her part, Ms. Williams was standing next to plaintiff loosening his cuffs when L.T. Jones entered the visiting room. Plaintiff alleges neither officer interfered in the assault to protect him. After the assault, plaintiff states they "[were]

just looking at me unbelievably." (ECF No. 10 at 6). The Court finds plaintiff has stated a plausible claim against defendants Ms. Williams and Cory Jones in their individual capacities for failure to intervene. The Court will issue process on plaintiff's amended complaint as to these defendants in their individual capacities.

*(3) Defendant the City of Jennings—Failure to Supervise*

For his claims against the City of Jennings, plaintiff states that L.T. Jones and "the video recording" are managed by the City of Jennings and that it is responsible for plaintiff's injuries. "The federal government pays the City of Jennings to house and care for its detainees and it's the City of Jennings['s] responsibility to ensure I am safe and free from excessive use of force and physical abuse. This totally place[s] the City of Jennings in full[] responsibility of the unlawful acts by L.T. Percy Jones." (ECF No. 10 at 9).

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged his constitutional violations were the result of any official policy or unofficial custom of the City of Jennings. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged

deprivation of plaintiff's rights). To the extent he alleges a failure to supervise, he has not alleged deliberate indifference on the part of the City of Jennings. To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff has not alleged the City of Jennings had any notice that its actions or inactions in supervising the jail and its employees were likely to result in any constitutional violations. Nor has he alleged any pattern of constitutional violations by its employees.

Finally, contrary to plaintiff's allegations, a municipality cannot be held liable merely because it employs a tortfeasor. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality…cannot be liable on a respondeat superior theory"); *see also Andrews v. Fowler*, 93 F.3d 1069, 1074 (8th Cir. 1996) ("A local government may not be sued under [42 U.S.C.] § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior"). For these reasons, the Court will dismiss plaintiff's claims against the City of Jennings.

*(4) Plaintiff's Official Capacity Claims Against L.T. Jones, Ms. Williams, and Cory Jones*

Finally, the Court will dismiss plaintiff's claims brought against defendants L.T. Jones, Ms. Williams, and Cory Jones in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than

individual, capacities sues only the public employer"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Id.*

As discussed above, municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged any constitutional violations arising from an official policy, an unofficial custom, or a failure to train or supervise on the part of the City of Jennings. Thus, he cannot establish any liability on the part of the City of Jennings. Therefore, plaintiff's claims brought against defendant L.T. Jones, Ms. Williams, and Cory Jones in their official capacities are subject to dismissal.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be

complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $108.19 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendants L.T. Percy Jones, Ms. Williams, and Cory Jones in their individual capacities at the addresses listed in the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants L.T. Percy Jones, Ms. Williams, and Cory Jones brought in their official capacities are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant City of Jennings (Mayor Gary Johnson) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** without prejudice. [ECF No. 4]

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 3rd day of December, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE