**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TABARI FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01218-SPM |
| | ) | |
| L.T. PERCY JONES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on review of the file following the filing of proofs of service on defendants Ms. Williams and Percy Jones. (ECF Nos. 29 and 30). The Court will order the United States Marshals Service to properly serve process in this action in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff filed this action on September 6, 2024, and requested permission to proceed in forma pauperis. On December 3, 2024, the Court granted plaintiff's request to proceed in forma pauperis and ordered the Clerk to serve process on the complaint as to defendants L.T. Percy Jones, Ms. Williams, and Cory Jones in their individual capacities. The Clerk prepared summonses for each of the defendants and forwarded the summonses to the Marshals Service on December 5, 2024.

The Marshals Service filed returns of service on February 5, 2025. The returns of service indicate that, as to defendants Ms. Williams and L.T. Percy Jones, the Marshals Service served copies of the summonses on January 28, 2025, at defendants' workplace on defendants' coworker and co-defendant, Cory Jones. There is no indication that Cory Jones was authorized by

appointment or by law to receive process on behalf of defendants. These defendants have not been served in accordance with Rule 4(e) of the Federal Rules of Civil Procedure.

Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual or a government official named in his or her individual capacity. Rule 4(e)(1)-(2) states that service may be made on an individual by following state law or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). Service under Missouri law is substantially similar to service under Rule 4(e)(2). *See* Mo. R. Civ. P. 54.13(b)(1).

The January 28, 2025 service of process by the Marshals Service was insufficient because there is no indication that defendants' coworker and co-defendant Cory Jones is "an agent authorized by appointment or by law to receive service of process" and because defendants' workplace is not their "dwelling or usual place of abode." The Marshals Service served process at defendants' workplace on persons who were not authorized by appointment or by law to receive process.

Because the Marshals Service has failed to serve process on defendants in accordance with Rule 4(e), the Court has not acquired jurisdiction over the defendants. *E.g.*, *Peterson v. Sheran*, 635 F.2d 1335, 1337 (8th Cir. 1980). The Court will order the Marshals Service to serve process again on the defendants Ms. Williams and Percy Jones. The Marshals Service will be specifically directed as to the manner in which process must be served.

–2–

Accordingly,

**IT IS HEREBY ORDERED** that the United States Marshals Service shall serve defendants Ms. Williams and Percy Jones in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Specifically, the Marshals Service shall serve defendants by either (1) delivering the summons to each defendant personally, (2) leaving a copy of the summons at the defendants' dwelling or usual place of abode with someone of suitable age who resides there, or (3) by delivering a copy of the summons to an agent authorized by appointment or by law to receive service of process. If the Marshals Service leaves any summons with a person at defendants' workplace besides any of the individual defendants, the return of service must indicate that the person who receives the summons has held themselves out to be an agent authorized by appointment or by law to receive service of process.

**IT IS FURTHER ORDERED** that the Marshals Service shall serve the summonses within 14 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if for any reason the Marshals Service is unable to serve process in accordance with this Memorandum and Order, the Marshals Service shall so notify the Court within 14 days of the date of this Memorandum and Order.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of April, 2025.

–3–