UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TABARI FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01218-SPM |
| | ) | |
| L.T. PERCY JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following the filing by the United States Marshals Service of a proof of service for Defendant Ms. Williams. The proof of service indicates that Ms. Williams has not been served in accordance with Rule 4 of the Federal Rules of Civil Procedure, and the Court will order the U.S. Marshals to serve process again on Ms. Williams.

On December 3, 2024, after initial review of the complaint, the Court ordered the Clerk to serve process on the complaint as to Defendants L.T. Percy Jones, Ms. Williams, and Cory Jones in their individual capacities. The Marshals Service filed returns of service on February 5, 2025. The returns indicated that as to Defendants Ms. Williams and Percy Jones, the Marshals Service served copies of the summonses on January 28, 2025, at Defendants' workplace on Defendants' coworker and co-defendant, Cory Jones. There was no indication that Cory Jones was authorized by appointment or by law to receive process on behalf of Defendants, and therefore they had not been served in accordance with Federal Rule 4(e).

The Court ordered the Marshals Service to serve process again on Defendants Ms. Williams and Percy Jones. The Court ordered that the Marshals shall serve Defendants by either

(1) delivering the summons to each Defendant personally, (2) leaving a copy of the summons at the Defendant's dwelling or usual place of abode with someone of suitable age who resides there, or (3) by delivering a copy of the summons to an agent authorized by appointment or by law to receive service of process. The Court also instructed that if the Marshals Service left any summons with a person at Defendant's workplace besides any of the individual Defendants, the return of service must indicate that the person who received the summons had held themselves out to be an agent authorized by appointment or by law to receive service of process.

On April 28, 2025, the Marshals Service filed a return of service for Ms. Williams. Inexplicably, the Marshal completing the Proof of Service for Ms. Williams filled out the form, as follows: "This summons for C.O. Jones was received by me on 4-9-25. I personally served the summons on the individual at C.O. Jones on 4-22-25 . . . ." (ECF No. 36 at 3) (underlining indicates handwritten notations). Although it appeared that the Marshal might have mixed up the returns of service for Ms. Williams and Percy Jones, the Proof of Service for Percy Jones states that it was served on Percy Jones. Whatever happened, Ms. Williams has not been served in accordance with Federal Rule 4(e), and the Court has not acquired jurisdiction over her.[1]

The Court will order the Marshals Service to serve process again on Defendant Ms. Williams. The Marshals Service will be specifically directed as to the manner in which process must be served.

---

[1] On April 18, 2025, the Court received a letter from Plaintiff stating that Ms. Williams and Percy Jones were "fully aware that the U.S. Marshal is looking for them." (ECF No. 35). Plaintiff expressed concern that Defendants might evade service.

2

Accordingly,

**IT IS HEREBY ORDERED** that the United States Marshals Service shall serve Defendant Ms. Williams in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Specifically, the Marshals Service shall serve Defendant by either (1) delivering the summons to Defendant personally, (2) leaving a copy of the summons at Defendant's dwelling or usual place of abode with someone of suitable age who resides there, or (3) by delivering a copy of the summons to an agent authorized by appointment or by law to receive service of process. If the Marshals Service leaves the summons with a person at Defendant's workplace besides the Defendant, the return of service must indicate that the person who receives the summons has held themselves out to be an agent authorized by appointment or by law to receive service of process.

**IT IS FURTHER ORDERED** that the Marshals Service shall serve the summons within 14 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if for any reason the Marshals Service is unable to serve process in accordance with this Memorandum and Order, the Marshals Service shall notify the Court within 14 days of the date of this Memorandum and Order.

Dated this 4th day of June, 2025.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE